**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4139**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

HAKIM RASHEED HANIFAH, a/k/a Bloody Hock,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (7:09-cr-00061-D-1)

─────────────

Submitted:  March 17, 2011          Decided:  April 13, 2011

─────────────

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Tobin W. Lathan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hakim Rasheed Hanifah pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). He appeals the district court's decision to impose an upward departure. He claims the departure was excessive because it was based, in part, on conduct that was already incorporated into the Sentencing Guidelines. Finding no error, we affirm.

An upward departure may be warranted under U.S. Sentencing Guidelines Manual § 4A1.3 if the sentencing court finds that a defendant's criminal history category does not represent the defendant's criminal history or the likelihood of recidivism. United States v. Myers, 589 F.3d 117, 125 (4th Cir. 2009). The Guidelines contemplate a situation in which even Criminal History Category VI is insufficient to reflect the seriousness of the defendant's criminal conduct, in which case the court may incrementally increase the offense level. See USSG § 4A1.3(a)(4)(B). The Guidelines further note that an upward departure may be warranted in the case of a defendant who has an extensive record of prior assaults, but has received lenient treatment by the courts. See USSG § 4A1.3 cmt. background. A court's decision to impose an upward departure is reviewed for abuse of discretion. Myers, 589 F.3d at 127. This court must decide whether the district court acted reasonably

with respect to the decision to impose an upward departure and the extent of the departure.  <u>United States v. Hernandez-Villanueva</u>, 473 F.3d 118, 123 (4th Cir. 2008).

We conclude that the district court properly explained its reasons for applying an upward departure and find that the decision to impose an upward departure was reasonable.  The court properly took notice of the violent nature of Hanifah's past criminal conduct, the leniency he has received from the courts, his admitted gang membership, and the fact that he committed an assault while detained awaiting sentencing.  We further conclude that the extent of the departure was reasonable, given the seriousness of the offense, his history of assaultive conduct, the fact that there was nothing in the record to suggest that Hanifah was going to stop his violent behavior anytime soon and the need to deter him and others from engaging in similar conduct.

Accordingly, we affirm the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>